## Mary A. Fox, Administratrix, Defendant in Error, v. George J. Cooke Company, Plaintiff in Error.

### Gen. No. 17,657.

LANDLORD AND TENANT—*cancellation of lease.* In an action for rent under a lease containing a provision for cancellation in case a saloon license cannot be obtained for the premises, judgment for plaintiff affirmed there being no evidence that defendants made a reasonable effort to obtain a license.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913.

HARRY A. DAUGHERTY, for plaintiff in error.

EDWARD B. HEALY and FRANK H. GRAHAM, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The recovery in this case is for $210 for seven months' rent from January 1, 1910, under a lease of certain premises from plaintiff's intestate, Michael Donahue, to the defendant corporation for two years from May 1, 1909, at $30 per month. The lease contains the following provision:

"The said lessee shall not be liable for rent hereunder during the time said premises remain untenantable or if at any time during the term of this lease, or during the option of renewal given under this lease, a City of Chicago saloon license cannot be obtained for these premises, it is hereby agreed that upon the lessee giving thirty (30) days' notice to lessor, that after the expiration of said notice this lease and agreement shall be null and void."

Defendant, November 27, 1909, gave plaintiff notice of its election to declare the lease null and void after December 31, 1909, for the reason, "that a City of Chicago saloon license cannot be obtained for said premises." Duffy kept a saloon in the demised premises from May 1 to October 31, 1909. John Ryan, an employe of the defendant, assigned to Duffy a license to keep a saloon at 383 E. 23rd street. May 1, 1909, with this assignment and $500, the license fee for six months, advanced by the defendant, which he repaid in monthly instalments, Duffy obtained a license to keep a saloon in the demised premises. He on the same day assigned the license to Ryan, who assigned it to George J. Cooke, the president of the defendant company, June 20, 1909. About that time Ryan quit the service of the defendant. Cooke assigned the

license to Peter Anderson October 29, 1909. A clerk in the office of the city clerk testified that licenses were not issued for shorter terms than six months from May 1 or November 1, and that no license could have been issued November 29, when the notice of election to declare the lease void was given, but an ordinance introduced in evidence provides that saloon licenses, "may be issued for the full license year or for the unexpired portion thereof, or for any period of the unexpired portion thereof." We do not regard it material to decide whether a license might have been obtained after November 1. If not, it was the duty of the defendant to use reasonable effort to obtain a license on or before that date. The evidence fails to show that the defendant at any time made any effort to obtain a license for the period beginning November 1, 1909, and it does show that the president of the company had, in his own name, a large number of saloon licenses, and that October 29 he assigned the Duffy license to Anderson. The ordinance does not permit a saloon license to be issued to a corporation, but the defendant company loaned to its customers money to pay for their licenses, and both Ryan, when he was in the service of the defendant, and Cooke, its president took assignments of saloon licenses and reassigned them to customers of defendant to enable them to obtain licenses. In *Omensky v. George J. Cooke Co.,* 172 Ill. App. 507, D. Branch of this court affirmed a judgment against the defendant in that case, where the defense set up was based on the same provision in a lease that is relied on in this case. In another case between the same parties we affirmed a judgment recovered on the same lease for substantially the reasons stated in the opinion of Mr. Justice Fitch in the case just cited. In each case the basis of the decision is that the evidence failed to show that the defendant could not, by reasonable effort, have obtained a new license,

and we think that the same conclusion must be reached from the evidence in this case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*